UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STUART C. IRBY COMPANY,

    Plaintiff,

v.                                                                                          Case No: 2:16-cv-211-FtM-99CM

WESTERN SURETY COMPANY,
BROOKS & FREUND, L.L.C. and
BC POWER, INC.,

    Defendants.

## ORDER

This matter comes before the Court upon review of Plaintiff's Application for Entry of Default (Doc. 27) filed on August 9, 2016. Plaintiff seeks entry of clerk's default against Defendant BC Power, Inc. ("BC Power") for failure to plead of otherwise defend.

On March 18, 2016, Plaintiff filed a Complaint against Defendants Brooks & Freund, LLC, and Western Surety Company.[1] Doc. 1. On July 8, 2016, Plaintiff filed a Second Amended Complaint against the two original defendants and BC Power. Doc. 17. Plaintiff's Return of Service shows that Plaintiff served a copy of the Subpoena in a Civil Action to BC Power's alleged registered agent on July 14, 2016. Doc. 22. On August 9, 2016, Plaintiff filed the present motion. Since then, BC Power filed a Partial Answer and Affirmative Defenses on September 6, 2016, an

---

[1] On May 17, 2016, Plaintiff filed an Amended Complaint against the two original defendants. Doc. 10.

Amended Answer and Affirmative Defenses on September 7, 2016, and an Answer and Affirmative Defenses on September 22, 2016.  Docs. 33, 36, 39.  As of this date, the Court has not yet entered a Case Management and Scheduling Order.

Pursuant to Rule 55(a), Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b).  Prior to directing the Clerk to enter a default, the Court must first determine whether Plaintiff properly effected service of process.  *United States v. Donald,* No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

Service on a corporation can be made by any manner accepted in the state or "by delivering a copy of the summons and the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]"  Fed. R. Civ. P. 4(h)(1)(A), (e)(1).  Section 48.081, Florida Statutes, provides a hierarchy for service of process upon a corporation.  A private corporation may be served by serving process on the president, vice president, or other head of the corporation, and in the absence of any such persons, on other corporate employees, including any officer or director.  Fla. Stat. § 48.081(1)(a)-(d).

As an alternative, process may be served on a registered agent of the corporation or an employee of the registered agent. *Id.* § 48.081(3)(a). If service cannot be made on the registered agent, service of process is permitted on any employee at the corporation's principal place of business or any employee of the registered agent. *Id.* Here, it is questionable whether service of process upon BC Power was proper because the Return of Service shows that Plaintiff served only a copy of the subpoena, not of the Second Amended Complaint or the summons. Doc. 22.

In addition, courts have a longstanding policy favoring adjudication of lawsuits on the merits, thus defaults are disfavored." *Bateh v. Colquett D. Trucking, Inc.*, 2011 WL 4501385, *1 (M.D. Fla. 2011) (citing *Kilpatrick v. Town of Davie*, 2008 WL 3851588 (S.D. Fla. 2008). Simply because a defendant fails to timely respond to a complaint, it does not show an intentional or reckless disregard for judicial proceedings. *Id.* Here, BC Power filed its answers about a month after Plaintiff filed this motion for default. Plaintiff will not be prejudiced by this delay, as this case is still in the early stages of litigation.

The court also considers whether there is a meritorious defense to Plaintiff's claims, and a "mere 'hint of a suggestion' that there is a meritorious defense to the claims alleged is sufficient." *Id.* (internal citation omitted). Here, BC Power's Answer and Affirmative Defenses provides a "hint of a suggestion" of a meritorious defense to Plaintiff's alleged claims. Doc. 39. Thus, the Court finds that a clerk's default is not appropriate in this instance.

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Application for Entry of Default (Doc. 27) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 20th day of October, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record