UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STUART C. IRBY COMPANY,

    Plaintiff,

v.                                  Case No: 2:16-cv-211-FtM-99CM

WESTERN SURETY COMPANY,
BROOKS & FREUND, L.L.C., and
BC POWER, INC.,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion for Voluntary Dismissal of Plaintiff's Claims Against Defendants Western Surety Company and Brooks & Freund, LLC pursuant to Fed. R. Civ. P. 41(a)(2) (Doc. #64) filed on February 6, 2017. Defendant BC Power, Inc. filed a Response in Opposition (Doc. #65) on February 8, 2017. For the reasons set forth below, the motion is granted.

**I.**

Plaintiff Stuart C. Irby, Company (Irby or plaintiff) moves pursuant to Federal Rule of Civil Procedure 41(a)(2) to voluntarily dismiss its claims against defendants Western Surety Company (Western) and Brooks & Freund, LLC (Brooks) with prejudice as these parties have settled. The remaining defendant, BC Power, Inc. (BC Power), opposes the dismissal, arguing prejudice.

Irby filed a four-count Second Amended Complaint (Doc. #17) on July 8, 2016, alleging that it furnished electrical materials

to BC Power as the electrical subcontractor under a Credit Agreement. BC Power was not fully paid by defendant Brooks, the general contractor on the construction project, and BC Power is owed a principal amount of $685,967.42. BC Power in turn did not fully pay Irby the unpaid principal amount for materials in the amount of $46,145.05. Thus, BC Power assigned to Irby its accounts receivables for the principal amount of $685,967.42 through an Assignment of Accounts Receivable. (Doc. #17, ¶¶ 2, 11-14, 19-22, 26.) Although referenced and attached to the Second Amended Complaint, Doc. #17-6, Exh. 6, plaintiff's claims against BC Power are not based on a breach of the Assignment.

Plaintiff's first and third claims are against Brooks only, and the second claim is against Western and Brooks only. Under the second and third claims, plaintiff alleges that it was assigned BC Power's accounts receivables representing the BC Power principal amount owed by Brooks to BC Power; plaintiff is therefore asserting claims two and three against Western and Brooks on behalf of BC Power as assignee to recover all amounts owed to BC Power under the subcontract. (Doc. #17, ¶¶ 39-40, 46-47.) The fourth claim asserts a breach of the Credit Agreement against BC Power for failing to fully pay for the materials received. Brooks has also filed a Crossclaim against BC Power for breach of a subcontract agreement. (Doc. #25.)[1] Plaintiff states that once

---

[1] Plaintiff is not named as the assignee of BC Power's accounts receivable in the Crossclaim.

Brooks and Western are dismissed, Irby's claim against BC Power for breach of the Credit Agreement, and Brooks's Crossclaim against BC Power for breach of a subcontract agreement, will remain pending.

BC Power filed a motion to set aside assignment, seeking to set aside as void or voidable the Assignment based upon lack of consideration, unconscionability, fraud in the inducement, and mistake. The Court denied the motion, finding that procedurally BC Power's arguments were improperly raised and out of time. (Doc. #61.)

## II.

Rule 41 of the Federal Rules of Civil Procedure governs the dismissal of actions. A plaintiff may dismiss an action without an order of the court at any time before the adverse party has served an answer or moved for summary judgment. Fed. R. Civ. P. 41(a)(1). If, as is the case here, the adverse party has served an answer, dismissal is available to a plaintiff only upon order of the court and upon such terms and conditions as the court deems appropriate. Fed. R. Civ. P. 41(a)(2). "[I]n most cases, a [voluntary] dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result." McCants v. Ford Motor Co., Inc., 781 F.2d 855, 856–57 (11th Cir. 1986) (emphasis in original). Critical to this question is whether BC Power will "lose any

substantial right by the dismissal." Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255 (11th Cir. 2001).

BC Power argues that it will be prejudiced if Brooks and Western are dismissed from this case because BC Power "has been told by the other parties that it will not receive any of the settlement proceeds. BC Power will be left with nothing and no legal remedy in the present suit." (Doc. #65 at 3.) Yet, based upon the Assignment (Doc. #17-6, Exh. 6, Assignment of Accounts Receivable), all rights, title, and interest to the amounts owed to BC Power on the accounts receivable was assigned to Irby, and there is nothing indicating – and BC Power does not argue – that Irby could not settle the BC Power's claims with Brooks and Western. Although BC Power believes that Irby has acted in contradiction of the parties' intentions in entering in the Assignment and that Irby has otherwise acted against BC Power's interests, as the Court noted in its previous Opinion and Order, BC Power could have raised these arguments by filing a counterclaim against Irby or stating its defenses as affirmative defenses in its Answer, which BC Power has failed to do.[2] (Doc. #61 at 3.)

BC Power further argues that if this Court allows dismissal of Brooks and Western, BC Power's claims against Brooks will be extinguished as Irby is attempting to settle BC Power's claims

---

[2] The Court is aware that BC Power has filed a motion for leave to amend its answer and add a counterclaim against Irby (Doc. #66), but dismissal of Brooks and Western will not prejudice BC Power's request to amend.

against Brooks relating to the amounts owed by Brooks to BC Power to the detriment of BC Power. The Court is unaware of any claim by BC Power against Brooks for any amounts owed, presumably because any such claim was assigned to Irby. Thus, BC Power has failed to establish that it will lose substantial rights as a result of a Rule 41(a)(2) voluntary dismissal.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Plaintiff's Motion for Voluntary Dismissal of Plaintiff's Claims Against Defendants Western Surety Company and Brooks & Freund, LLC pursuant to Fed. R. Civ. P. 41(a)(2) (Doc. #64) is **GRANTED.** Pursuant to Federal R. Civ. P. 41(a)(2), defendants Brooks & Freund, LLC, and Western Surety Company, are **DISMISSED with prejudice.** Finding no just cause for delay, the Clerk shall enter judgment accordingly and terminate these defendants on the docket. This case otherwise remains pending.

**DONE and ORDERED** at Fort Myers, Florida, this __9th__ day of March, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record