UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STUART C. IRBY COMPANY,

       Plaintiff,

v.                                                        Case No:  2:16-cv-211-FtM-99CM

WESTERN SURETY COMPANY,
BROOKS & FREUND, L.L.C. and
BC POWER, INC.,

       Defendants.

_____

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of Defendant BC Power, Inc.'s ("BC Power") Motion for Leave to File Amended Answer (Doc. 66) filed on February 8, 2017.  Plaintiff Stuart C. Irby Company ("Plaintiff") and Defendants Western Surety Company ("Western") and Brooks & Freund, LLC ("Brooks") oppose the requested relief.  Docs. 67, 68.

### I.    Background

On July 8, 2016, Plaintiff filed a Second Amended Complaint[2] against Brooks, Western, and BC Power after obtaining Brooks' and Western's written consent to file

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.  **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

[2] On March 18, 2016, Plaintiff filed a Complaint.  Doc. 1.  On May 17, 2016, Plaintiff filed a First Amended Complaint.  Doc. 10.

the Second Amended Complaint.    Doc. 17 at 1.    Plaintiff's Second Amended
Complaint alleges that BC Power is a Florida corporation.    *Id.* ¶ 4.    BC Power filed
a Partial Answer and Affirmative Defenses on September 6, 2016, an Amended
Answer and Affirmative Defenses on September 7, 2016, and an Answer and
Affirmative Defenses ("Answer") on September 22, 2016.    Docs. 33, 36, 39.

Plaintiff alleges that Brooks entered into a construction contract (the
"Construction Contract") with Orchid Run Apartments, LLC.    Doc. 17 at 2 ¶ 1.
Pursuant to the Construction Contract, Brooks was the general contractor for a
construction project (the "Project") located in Collier County, Florida.    *Id.* ¶¶ 3-5.
Brooks posted a payment bond ("Bond") in connection with the Project, holding
Western as the surety on its Bond.    *Id.* ¶¶ 5-8.

BC Power, an electrical contractor, entered into a subcontract with Brooks (the
"Subcontract") to perform work on the Project.    *Id.* ¶¶ 11-12.    Plaintiff furnished
electrical materials to BC Power for the Project.    *Id.* ¶ 17.    BC Power performed
work on the Project until October 29, 2015, but Brooks did not fully pay BC Power for
BC Power's work.    *Id.* ¶¶ 18-19.    As a result, Brooks owed the amount of
$685,967.42 to BC Power for BC Power's work on the Project under the Subcontract.
*Id.* ¶ 20.    BC Power also did not fully pay Plaintiff for the materials supplied,
resulting in the unpaid amount of $46,145.05.    *Id.* ¶¶ 21-22.    Instead of paying
Plaintiff, BC Power assigned to Plaintiff the accounts receivables for the balance that
Brooks owed to BC Power ("the Assignment").    *Id.* ¶ 26.

Based on the above allegations, the Second Amended Complaint raises claims for unjust enrichment for materials Plaintiff furnished and breach of the Subcontract against Brooks, for payment under the Bond for amounts owed by Plaintiff for labor and materials BC Power furnished against Brooks and Western, and for breach of the credit agreement against BC Power.   *Id.* at 4-6.

On December 14, 2016, Senior United States District Judge John E. Steele entered a Case Management and Scheduling Order ("CMSO") setting the deadline for motions to add parties or to amend pleadings to September 12, 2016, the deadlines to disclose expert reports for Plaintiff to January 9, 2017 and for Defendants to February 8, 2017, the discovery deadline to March 10, 2017, the mediation deadline to November 15, 2016, the deadlines for dispositive motions to April 17, 2017, and a trial term of August 7, 2017.   Doc. 57 at 1-2.

On November 29, 2016, BC Power filed an Emergency Motion to Set Aside Assignment, seeking to set aside the Assignment as void or voidable based on lack of consideration, unconsionability, fraud in the inducement, and mistake.   Docs. 51, 61 at 3.   On January 9, 2017, Judge Steele denied BC Power's motion because BC Power's arguments are improperly raised and out of time.   Doc. 61 at 3.   Judge Steele found that Plaintiff raises two claims against Brooks and Western Surety on behalf of BC Power as assignee to recover all amounts owed to BC Power under the Subcontract.   *Id.* at 2.   Judge Steele held that nonetheless, BC Power did not address the allegations in Plaintiff's claims against Brooks and Western Surety, and none of BC Power's affirmative defenses address the Assignment.   *Id.* at 2-3.   Judge

Steele ruled that because BC Power failed to file a counterclaim against Plaintiff or state its defenses as affirmative defenses in its Answer, BC Power waived these affirmative defenses.   *Id.* at 3.   Judge Steele also noted that the time to amend pleadings had long since passed.   *Id.*

On February 6, 2017, Plaintiff filed a Motion for Voluntary Dismissal of Plaintiff's Claims against Western and Brooks.   Doc. 64.   Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, Judge Steele granted Plaintiff's motion and dismissed Western and Brooks with prejudice on March 9, 2017.   Doc. 69.

## II.   BC Power's Motion for Leave to File Amended Answer (Doc. 66)

BC Power seeks to amend its Answer by adding the tenth affirmative defense of improper assignment of accounts receivable and raising new counterclaims for lack of consideration, unconscionability, fraud in the inducement, and mistake against Plaintiff.   Doc. 66 at 6-25.   As noted, BC Power raised the four counterclaims as the grounds for its motion to set aside the Assignment, which Judge Steele found as waived for their untimeliness.   Doc. 61 at 2-3.

BC Power argues that the Court should allow it to file an amended answer under Rule 15 of the Federal Rules of Civil Procedure.   Doc. 66 at 3.   BC Power asserts that Plaintiff and Brooks reached a settlement agreement without providing any proceeds to BC Power.   *Id.*   BC Power claims that through this settlement agreement, Plaintiff bargained away BC Power's balance of $685,000 to receive their payment of $46,000 from Brooks.   *Id.*   As a result, BC Power argues that this settlement agreement unjustly benefited Brooks in the amount of more than $600,000

by allowing Brooks to pay $46,000 to Plaintiff instead of paying $685,000 to BC Power. *Id.* BC Power asserts that this agreement leaves no legal remedy to BC Power. *Id.* BC Power alleges that it did not realize Plaintiff would not protect BC Power's interests until November 29, 2016 when BC Power filed a motion to set aside the Assignment. *Id.* at 4.

Plaintiff responds that BC Power does not show good cause required under Rule 16(b) of the Federal Rules of Civil Procedure. Doc. 68 at 3. Regardless, Plaintiff argues that BC Power's circumstances do not constitute good cause. *Id.* at 4. Furthermore, Plaintiff asserts that BC Power's motion for leave to amend its Answer is an attempt to avoid Judge Steele's Order (Doc. 61). *Id.* at 5. According to Plaintiff, Judge Steele's Order held that BC Power waived the affirmative defenses of lack of consideration, unconscionability, fraud in the inducement, and mistake by not raising them on time. *Id.* Plaintiff states that Judge Steele also found, "the time to amend pleadings has long since passed." *Id.* As a result, Plaintiff argues that BC Power's present motion cannot satisfy the requirements of Rule 15(a). *Id.* at 5-7. The Court does not address Western's and Brook's responses in opposition because Judge Steele dismissed Western and Brook with prejudice on March 9, 2017. Doc. 69.

A party's motion to amend pleadings filed after the deadline set forth in the CMSO may be granted only upon a showing of good cause as prescribed by Rule 16(b) of the Federal Rules of Civil Procedure. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417 (11th Cir.1998); *Thorn v. Blue Cross & Blue Shield of Fla. Inc.*, 192 F.R.D. 308 (M.D.

Fla. 2000).   Once good cause is shown, the court may consider whether leave should be granted under Rule 15.   *Thorn*, 192 F.R.D. at 309-10.   Here, because BC Power filed the motion for leave to amend to the Answer approximately five months after the deadline of September 12, 2016 to amend the pleadings, the Rule 16(b)'s standard of good cause governs.   *See id.*

"This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party" seeking to amend.   *Sosa*, 133 F.3d at 1418 (internal quotations and citation omitted).   The court evaluates diligence by considering the following factors: "(1) whether the [party] failed to ascertain facts prior to filing the complaint and to acquire information during the discovery period; (2) whether the information supporting the proposed amendment was available to the [party]; and (3) even after acquiring information, whether the [party] delayed in asking for amendment."   *Auto-Owners Ins. Co. v. Ace Elec. Serv., Inc.*, 648 F. Supp. 2d 1371, 1375 (M.D. Fla. 2009).

The Court recommends that BC Power does not show good cause under Rule 16(b).   As Judge Steele noted in his Order, "the time to amend pleadings has long since passed" because the deadline to amend pleadings was September 12, 2016. Doc. 61.   This matter also is in its late stage because the parties' discovery ended on March 10, 2017, and the deadline of April 17, 2017 to file dispositive motions is only one month away.   Doc. 57 at 1-2.   Yet, BC Power's motion neither addresses the relevant legal standard nor attempts to show good cause under Rule 16(b).   Doc. 66.

Furthermore, BC Power does not contest that it did not have information supporting the proposed amendments.   *Id.*; *see Auto-Owners Ins.*, 648 F. Supp. 2d at 1375.   Rather, BC Power admits that it untimely filed the present motion to redress its failure to timely raise affirmative defenses only after Judge Steele explicitly noted its failure in his Order.   Doc. 66 at 2.   BC Power's motion shows that BC Power chose not to timely raise its affirmative defenses and address the allegations relevant to the Assignment by relying on Plaintiff's assertions.   *Id.* at 4. As a result, BC Power's circumstances do not constitute good cause under Rule 16(b). *See Auto-Owners Ins.*, 648 F. Supp. 2d at 1375; *Sosa*, 133 F.3d at 1418 ("This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking'" to amend.).

Even assuming that BC Power demonstrates good cause under Rule 16(b), the Court recommends that BC Power does not meet the standard under Rule 15.   Rule 15 of the Federal Rules of Civil Procedure provides that, for amendments not filed as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave.   The court should freely give leave when justice so requires."   Fed. R. Civ. P. 15(a)(2).   "Although leave to amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment."   *Maynard v. Bd. of Regents of the Div. of Univs. of the Fla. Dep't of Educ. ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1287 (11th Cir. 2003) (internal quotation marks omitted).

"Motions for leave to amend can prejudice the nonmoving party, when the request for leave to amend is not made in a timely manner." *Senger Bros. Nursery, Inc. v. E.I. Dupont de Nemours & Co.*, 184 F.R.D. 674, 679 (M.D. Fla. 1999). Furthermore, the court "considers the degree of discovery completed when determining whether to grant a motion to amend, and in addition to this factor, the [c]ourt must determine how the proposed amendments will affect future discovery." *Butler v. Crosby*, No. 3:04CV917-J-32MMH, 2006 WL 1071988, at *9 (M.D. Fla. Feb. 8, 2006).

Here, as Plaintiff argues, BC Power's proposed amendment will force Plaintiff to re-litigate the claims that Judge Steele already addressed and denied.[3]   Doc. 68 at 6.   Plaintiff also is unable to conduct any further discovery because this matter's discovery closed on March 10, 2017.   *See Butler*, 2006 WL 1071988, at *9. Furthermore, given that this case has been pending since March 18, 2016, adding new counterclaims after the discovery deadline had passed, without a showing of good cause, constitutes undue delay.   *Grenier v. Marlow Yachts, Ltd.*, No. 8:11-cv-2083-JDW-TGW, 2013 WL 12159349, at *2 (M.D. Fla. May 7, 2013).

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

Defendant BC Power, Inc.'s Motion for Leave to File Amended Answer (Doc. 66) be **DENIED**.

---

[3] Alternatively, by attempting to re-litigate the issues already addressed and denied by Judge Steele, this present motion implicitly seeks the Court to reconsider Judge Steele's Order (Doc. 61).

**DONE** and **ENTERED** in Fort Myers, Florida on this 14th day of March, 2017.


CAROL MIRANDO
United States Magistrate Judge

Copies:
The Honorable John E. Steele
Counsel of record